**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| ARCHIMEDES NOBLES, | ) | |
|  | ) | |
| Plaintiff, | ) | |
|  | ) | |
| v. | ) | Civil Action No. 08-1396 (JR) |
|  | ) | |
| DONALD C. WINTER, | ) | |
| Secretary of the Navy, | ) | |
|  | ) | |
| Defendant. | ) | |
|  | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on defendant's motion to dismiss.

Plaintiff is a former employee of the United States Navy in the Philippines whose formal employment discrimination claim was dismissed as untimely. *See* March 14, 2008 Decision of the Equal Employment Opportunity Commission, Appeal No. 0120081141 [Dkt. #4] at 1-2. It appears that neither the Navy nor the EEOC addressed the merits of plaintiff's claim that the Navy "subjected [him] to discrimination on the basis of national origin (Filipino by blood relationship and U.S. citizenship by place of birth) when he was not granted coverage under the civil service retirement system when he started working . . . in the Philippines." *Id.* at 1.

In this action, plaintiff alleges that he is a dual citizen

1

of the Philippines and of the United States because he was born in 1938 in the Philippine Islands when the Philippine Islands were a United States territory.  Compl. at 6.  He asks the Court to "confirm[] [his] having been born a US citizen" such that the United States Navy "allow[s] [him] to have access under [Title VII]."  *Id.* at 7.

In *Licudine v. Winter*, 603 F. Supp. 2d 129 (D.D.C. 2009), this Court held that a person who, like plaintiff, was born in the Philippine Islands when the Philippines was a United States territory is neither a citizen nor a national of United States citizen.  *Id.* at 135-36.  Such a person, then, is an alien to whom Title VII does not apply.  *Id.*

The Court will grant defendant's motion to dismiss.  An Order accompanies this Memorandum Opinion.

                                        JAMES ROBERTSON
                                        United States District Judge